UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| DONALD GLASS, | |
|---|---|
| Plaintiff, | Case No. 1:14-cv-01703-RRB |
| vs. | **ORDER DENYING MOTION<br>TO AMEND COMPLAINT** |
| A. GREGORY, *et al.*, | |
| Defendants. | |

**I.    PENDING MOTION**

At **Docket 22** Plaintiff Donald Glass has moved for leave to file an amended Complaint in compliance with the Court's prior Order. The record reflects that after screening the Complaint the Court permitted Glass to proceed on his excessive force claim against Defendants A. Gregory and S. Duran; in all other respects the Complaint was dismissed without leave to amend.[1] Defendants Gregory and Duran have answered the Complaint,[2] and the Court has entered its Discovery and Scheduling Order.[3]

**II.    AMENDED COMPLAINT**

In his Amended Complaint, in addition to the excessive force claim against Gregory and Duran (Fourth Cause of Action), Glass asserts three additional causes of action against eight others: Correctional Officer J. McAllister; Correctional Officer J. Anderson;

---

[1] Docket 8.

[2] Docket 14.

[3] Docket 15.

Correctional Officer M. Chavez; Correctional Sgt. M. Bremmer; Correctional Lt. J. Ybarra; Correctional Lt. S. Wilson; Nurse A. Vilches; and Licensed Vocational Nurse W. Tredwell. In his proposed First Cause of Action Glass asserts a retaliation claim against McAllister, Ybarra, Wilson, Bremmer, Anderson, and Chavez. In his Second Cause of Action, Glass asserts an excessive force claim also against McAllister, Ybarra, Wilson, Bremmer, Anderson, and Chavez. In his Third Cause of Action Glass asserts a deliberate medical indifference claim against Vilches, Tredwell, Wilson and Bremmer.

### III.   SCREENING REQUIREMENT

As the Court noted in its earlier Order striking Glass' first attempt to file his amended complaint, the Amended Complaint is subject to screening.[4] In addition to the usual screening requirements, the Court must determine whether the proposed Amended Complaint satisfies the applicable standards for amending a complaint.

### IV.   STANDARD

Analysis starts with the general rule that leave to amend should be "freely given when justice so requires."[5] Leave to amend a complaint should be freely given in the absence of any apparent or declared reasons such as undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by allowing the amendment, and futility of amendment.[6]

---

[4]  Docket 20.

[5]  Fed. R. Civ. P. 15(a).

[6]  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006).

If feasible, a person may be joined either as plaintiff or defendant if the joinder will not deprive the court of jurisdiction and in the absence of the person to be joined either: (1) complete relief can not be granted; or (2) the person claims an interest in the subject of the suit and absence may (i) impair or impede the ability to protect that interest or (ii) leave parties already party to the suit subject to a substantial risk of incurring multiple or inconsistent obligations.[7]

With respect to joinder of parties, the Rules provide:

(a) PERSONS WHO MAY JOIN OR BE JOINED.
* * * *
(2) *Defendants.* Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if:
    (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
    (B) any question of law or fact common to all defendants will arise in the action.[8]

## V.   DISCUSSION

The issue before the Court is the nexus of the first three causes of action (against McAllister, Anderson, Chavez, Bremmer, Ybarra, Wilson, Vilches, and Tredwell) to the fourth (against Gregory and Duran). The proposed Amended Complaint adds eight new defendants, as well as three new claims unrelated to the claim against Gregory and Duran.

Initially, the Court notes that, even absent joinder of McAllister, Anderson, Chavez, Bremmer, Ybarra, Wilson, Vilches, and Tredwell, complete relief can be granted with respect to the claims against Gregory and Duran. Nor does the failure to join McAllister,

---

[7] Fed. R. Civ. P. 19(a).

[8] Fed. R. Civ. P. 20(a).

Anderson, Chavez, Bremmer, Ybarra, Wilson, Vilches, and Tredwell either impair the ability of either those Defendants or Glass to protect their interests, or subject them to any risk of incurring multiple or inconsistent obligations. Thus, the proposed Amended Complaint does not fall within the parameters of Rule 19(a).

The commonality is that Glass' claims against the Defendants arise out of his incarceration at Kern Valley State Prison. Standing alone, that both his Second and Fourth Causes of Action involve excessive force claims, is insufficient to support a determination that they arise out of the same series of transactions. Although it is alleged that McAllister, Ybarra, Wilson, Bremmer, Anderson, and Chavez acted in concert with each other, there is no allegation they acted in concert with Gregory and/or Duran.[9] Indeed, the Amended Complaint itself clearly and distinctly differentiates between the acts of McAllister, Ybarra, Wilson, Bremmer, Anderson, and Chavez on the one hand and Gregory and Duran on the other.

The only apparent "prejudice" Glass might suffer is that he will be required to pay a separate filing fee. The Seventh Circuit addressed that issue.

> [T]hat unrelated claims against different defendants belong in separate lawsuits, not only to prevent the sort of morass produced by multi-claim, multi-defendants suits like this one, but also to ensure that prisoners pay all fees required under the Prison Litigation Reform Act, see 28 U.S.C. § 1915(b), (g). Complaints like this one from Owens should be rejected, . . ., either by severing the action into separate lawsuits or by dismissing improperly joined defendants.[10]

---

[9] Glass' vague, conclusory statement of the existence of some general conspiracy is insufficient. *See United Broth. of Carpenters and Joiners of America v. Building and Const. Trades Dep't, AFL–CIO*, 770 F.3d 834, 842 (9th Cir. 2014); *Kendall v. Visa USA, Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombley*, 544 U.S. 544, 557 (2007)).

[10] *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (internal quotation marks and citation omitted) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

The Court agrees with the rationale of the Seventh Circuit.  Congress has adequately provided for relief from the filing fee requirement.  The Court can perceive no principled reason to extend that relief further.

Even if amendment were permitted, it would not relate back to the filing of the original Complaint.  An amendment to a pleading relates back to the date of the original pleading if: (1) permitted by the applicable statute of limitations; (2) arises out of the same conduct, transaction, or occurrence set forth in the original pleading; or (3) changes the party or naming of a party if (2) is satisfied and the party to be named had notice of the action within the time permitted for service of a complaint under Federal Rule Civil Procedure 4(m) and knew or should have known that, but for the mistake in identity, he would have been named originally.[11]  As noted above, to the extent it adds the claims against McAllister, Ybarra, Wilson, Bremmer, Anderson, and Chavez, the proposed Amended Complaint clearly does not arise of the same conduct, transaction, or occurrence alleged in the Complaint.  Thus, because the proposed Amended Complaint does not relate back, requiring Glass to bring an entirely new action against McAllister, Anderson, Chavez, Bremmer, Ybarra, Wilson, Vilches, and Tredwell, would not necessarily bar Glass from bringing his action against them in a separate action.

## VI.  ORDER

Based upon the foregoing, Plaintiff's Motion for Leave to Amend His (Pleadings) Complaint at **Docket 22** is **DENIED** without prejudice.  If Plaintiff desires to further pursue his claims against Correctional Officer J. McAllister; Correctional Officer J. Anderson;

---

[11] Fed. R. Civ. P. 15(c).

Correctional Officer M. Chavez; Correctional Sgt. M. Bremmer; Correctional Lt. J. Ybarra; Correctional Lt. S. Wilson; Nurse A. Vilches; and Licensed Vocational Nurse W. Tredwell, he must do so in a separate action.  The Court renders no opinion as to the viability of those claims.

**IT IS SO ORDERED** this 4th day of September, 2015.

S/ RALPH R. BEISTLINE  
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO AMEND COMPLAINT
*Glass v. Gregory*, 1:14-cv-01703-RRB – 6