UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GLASS,<br><br>               Plaintiff,<br><br>vs.<br><br>A. GREGORY, *et al.*,<br><br>               Defendants. | Case No. 1:14-cv-01703-RRB<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION FOR SUMMARY JUDGMENT<br>[DOCKET 25]** |

At **Docket 25** Defendants A. Gregory and S. Duran have moved for summary judgment on the issue of whether Plaintiff exhausted his administrative remedies. Plaintiff Donald Glass has opposed the motion and cross-moved for summary judgment,[1] and Defendants have replied and opposed the cross-motion.[2] Glass has also requested that the Court take judicial notice of various documents related to the issue of exhaustion.[3] The Court having determined that oral argument would not materially assist the Court in resolving the issue presented, the matter is submitted for decision on the moving and opposing papers without oral argument.[4]

/////

/////

---

[1]  Docket 36.

[2]  Docket 45.

[3]  Docket 39.

[4]  LR 230(I).

I.   STANDARD

Summary judgment is appropriate if, when viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment in its favor as a matter of law.[5] Support and opposition to a motion for summary judgment is made by affidavit made on personal knowledge of the affiant, depositions, answers to interrogatories, setting forth such facts as may be admissible in evidence.[6] In response to a properly supported motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue of material fact for trial.[7] The issue of material fact required to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.  In order to show that a genuine issue of material fact exists a nonmoving plaintiff must introduce probative evidence that establishes the elements of the complaint.[8] Material facts are those that may affect the outcome of the case.[9] A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party.[10] "Credibility determinations, the weighing of the evidence, and the drawing of legitimate

---

[5]  Fed. R. Civ. P. 56(c); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (*en banc*); *Taylor v. List*, 880 F.2d 1040, 1044 (9th Cir. 1989).

[6]  Fed. R. Civ. P. 56(e).

[7]  *Id.*; *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055–56 (9th Cir. 2002).

[8]  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

[9]  *Id.*

[10]  *Id.*

inferences from the facts are jury functions, not those of a judge, [when] he is ruling on a motion for summary judgment."[11]  The evidence of the non-moving party is to be believed and all justifiable inferences are drawn in his favor.[12]  The moving party has the burden of showing there is no genuine issue of material fact; therefore, he or she bears the burden of both production and persuasion.[13]  The moving party, however, has no burden to negate or disprove matters on which the non-moving party will have the burden of proof at trial.  The moving party need only point out to the Court that there is an absence of evidence to support the non-moving party's case.[14]  There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion.[15]

In general, in ruling on a motion for summary judgment, a court may not weigh the evidence or judge the credibility of witnesses.[16]  Instead, it generally accepts as true statements made under oath.[17]  However, this rule does not apply to conclusory statements

---

[11] *Id.* at 255.

[12] *Id.*

[13] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323 (1986).

[14] *Sluimer v. Verity, Inc.*, 606 F.3d 584, 586 (9th Cir. 2010); *see Celotex*, 477 U.S. at 325.

[15] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

[16] *Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1036 (9th Cir. 2005).

[17] *Earp v. Ornoski*, 431 F.3d 1158, 1170 (9th Cir. 2005); *see Williams v. Calderon,* 48 F.Supp.2d 979, 989 (C.D. Cal. 1998) (noting in the context of a habeas claim "[t]he Court is not to determine issues of credibility on a motion for summary judgment; instead, the truth of each party's affidavits is assumed"), *aff'd sub nom. Williams v. Woodford,* 384 F.3d 567 (9th Cir. 2004).

unsupported by underlying facts,[18] nor may the court draw unreasonable inferences from the evidence.[19] "To survive summary judgment, a plaintiff must set forth non-speculative facts, not sweeping conclusory statements."[20]

## II. ISSUE PRESENTED/APPLICABLE LAW

This action arises out of an October 28, 2010, cell extraction in which oleoresin capsicum ("OC pepper spray") was used on Glass. In screening the Complaint the Court permitted Glass to proceed on his excessive force claims against Duran and Gregory.[21] The motion before the Court presents a very narrow issue of law: whether Glass was prevented by circumstances beyond his control from properly exhausting his available administrative remedies before filing the instant lawsuit.

Exhaustion of administrative remedies prior to bringing suit is required irrespective of the relief sought by the prisoner and regardless of the relief provided by the process.[22] Although not jurisdictional, exhaustion is nonetheless mandatory, and there is no discretion to excuse it.[23] "Proper exhaustion" means "complet[ing] the administrative review process in

---

[18] *Walker v. Sumner*, 917 F.2d 382, 387 (9th Cir. 1990).

[19] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *McLaughlin v. Liu*, 849 F.2d 1205, 1207–1209 (9th Cir. 1988).

[20] *Calfasso, U.S. ex rel. v. Gen Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1061 (9th Cir. 2011).

[21] Docket 8.

[22] 42 U.S.C. § 1997e(a) (mandating that "[n]o action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted."); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Booth v. Churner*, 532 U.S. 731, 742 (2001).

[23] *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

accordance with the applicable rules."[24]  "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."[25]  Although all available remedies must be exhausted, "those remedies need not meet federal standards, nor need they be plain, speedy and effective."[26]  "For prisons, . . ., that do not instruct prisoners on what precise facts must be alleged in a grievance, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought."[27]

However, a prisoner is only required to exhaust *available* remedies.[28]  "To be available, a remedy must be available as a practical matter, i.e., capable of use; at hand."[29]  A defendant has the initial burden to prove "that a grievance procedure existed, and the prisoner did not exhaust that available remedy."[30]  Once a defendant has met this burden, the burden shifts to the plaintiff to demonstrate that the grievance procedure was inadequate, ineffective,

---

[24] *Jones v. Bock,* 549 U.S. 199, 218 (2007).

[25] *Id.*

[26] *Porter*, 534 U.S. at 524 (quoting *Booth*, 532 U.S. at 739) (internal quotation marks omitted)).

[27] *Akhtar v. Mesa*, 698 F.3d 1202, 1211 (9th Cir. 2012) (internal citations and quotation marks omitted).

[28] *Booth*, 532 U.S. at 736.

[29] *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc) (internal citation and quotation marks omitted).

[30] *Id.* at 1172.

unobtainable, unduly prolonged, inadequate, or futile.[31]  If a court finds that a plaintiff has failed to exhaust, "the proper remedy is dismissal of the claim without prejudice."[32]

## III.   DISCUSSION

California provides for three levels of review, the third level conducted by the Secretary of the California Department of Corrections and Rehabilitation, or by a designated representative.[33]  It is undisputed that Glass did not complete the administrative process through the Director's level.  Glass relies on two administrative appeals as evidencing that he was prevented by circumstances beyond his control from properly exhausting his administrative remedies:  Inmate/Parolee Appeal CDCR 602 Log KVSP-0-10-02369, dated November 22, 2010; and CDCR 602 Log KVSP-0-12-01339, dated April 15, 2012.  In his opposition, Glass contends that administrative remedies were unavailable due to:  (1) the intentional destruction or loss of Appeal No. KVSP-0-10-0369 at second level review (SLR); and (2) improper screening of Appeal No. KVSP-0-10–1339.[34]  The Court addresses them in inverse order.

---

[31]  *Id.*

[32]  *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.3d 365, 368 & n.3 (9th Cir. 1988) (*per curiam*)).

[33]  Cal. Code Regs. tit. 15, § 3084.1(b) ("Unless otherwise stated in these regulations, all appeals are subject to a third level of review, as described in section 3084.7, before administrative remedies are deemed exhausted.  All lower level reviews are subject to modification at the third level of review.").  *See Brown v. Valoff*, 422 F.3d 926, 929–30 (9th Cir. 2005)

[34]  Docket 36, p. 1.  The Court notes that the reference to KVSP-0-10-01339 was an inadvertent error and was clearly intended to be to KVSP-0-12-01339.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
*Glass v. Gregory*, 1:14-cv-01703-RRB – 6

KVSP-0-12-01339.[35]  This CDCR 602 involved an appeal from the disciplinary action taken in connection with a Rules Violation Report ("RVR"), FBAS No. 10-10-018, arising out of the OC pepper spray incident in which Glass was found guilty of a rules violation.  In that CDC Glass alleged that his rights were violated in several respects and the RVR was prosecuted to cover up the actions of C/O Gregory.  Glass requested that the RVR conviction be expunged.  Glass' reliance on his challenge to the disciplinary proceeding as satisfying the exhaustion requirement in this case is misplaced.

As noted above, in screening the Complaint Glass was permitted to proceed on his Complaint solely with respect to his excessive force claims against Duran and Gregory.  Glass was not permitted to proceed on his claims with respect to the disciplinary proceeding.  Thus, evidence with respect to exhaustion of remedies addressing the disciplinary proceeding is irrelevant to any issue properly before the court in this case.

KVSP-0-10-02369.[36]  In this CDCR 602, dated November 22, 2010, Glass did allege an excessive force claim against various correctional officers.  The records submitted by Defendants show that this appeal was processed as a staff complaint, an inquiry conducted, and a determination made at the second level of review that staff did not violate CDCR policy on January 20, 2011.[37]  The records do not show any further actions taken by Glass with respect to that appeal.

---

[35]  Plaintiff's Request for Judicial Notice, Exhibits 11 and 12 (Docket 39, pp. 35–67).

[36]  *Id.*, Exhibits 2 through 10 (Docket 39, pp. 8–34); Tallerico Declaration, Exhibit C (Docket 25-7, pp. 32–38).

[37]  Tallerico Declaration, Exhibit A (Docket 25-7, p. 3); Exhibit C (Docket 25-7, pp. 32–38).

In opposing the motion Glass submitted several documents relevant to the issues presented.

(1)  What appears to be a CDCR 602 addressing the OC pepper spray incident dated October 31, 2010, that was returned to him and resubmitted on November 16, 2010.  Glass also includes an informal screen out indicating that the it was returned to him on November 29, 2010, as untimely.[38]

(2)  A copy of Appeal KVSP-0-10-02369 dated November 22, 2010, including the January 20, 2011, second-level response.[39]

(3)  Three Inmate/Parolee Requests (CDCR 22) in which he inquires about the status of his November 22, 2010, CDCR 602, KVSP-0-10-02369:  February 15, 2011;[40] February 28, 2011;[41] and March 2, 2011.[42]  Glass also attached an undated, handwritten note from the Appeals Coordinator apparently in response to his February 15 CDCR 22 advising Glass that if he had not received a copy to contact his CCI.[43]  What further action, if any, was taken with respect to those Inmate/Parolee Requests is not apparent from the record before the Court.

---

[38] Plaintiff's Request for Judicial Notice, Exhibit 1 (Docket 39, pp. 4–7).

[39] *Id.*, Exhibit 2 (Docket 39, pp. 8–14).

[40] *Id.*, Exhibit 4 (Docket 39, pp. 18–19) (addressed to Appeals Coordinator D. Tarnoff).

[41] *Id.*, Exhibit 5 (Docket 39, pp. 20–21) (addressed to Cpt. Teesdale/Appeals).

[42] *Id.*, Exhibit 8 (Docket 39, pp. 28–29) (addressed to Appeals Coordinator D. Tarnoff).

[43] *Id.*, Exhibit 6 (Docket 39, pp. 22–23).

Glass submitted four additional exhibits addressing this issue. Review of these exhibits reveals that they provide no facts relevant to the narrow issue before the Court.[44]

As relevant to the issue before the Court, in his Declaration Glass states:

> 11. The second of four CDCR Form 22 mentioned in paragraph No. 10 above was returned on or about March 9, 2011 by (A/C) Tarnoff who instead of completing section "B": Staff Response as the January 26, 2011 Memorandum mandates (A/C) Tarnoff attached a sticky (tag) label stating: You should received a "copy" of this appeal on 1/20/11. If you need a copy of this of this appeal contact your (CCI) for assistance Quote which signed by (A/C) Tarnoff CSDF No. 5, 6; RFJN Nos. 5, 6.
>
> 12. Upon receiving the second of four CDCR Form 22 back from (A/C) Tarnoff, I resubmitted stating: I am requesting the original of Appeal No. KVSP-0-10-02369 and not a copy. However, if the original is lost then send me a copy stamped in "red ink" (on each page) "treat as original" CSDF No. 5, 6: RFJN Exh No. 5 & 6)[45]

In his second (February 28) CDCR 22 Glass specifically requested: "I am requesting that you contact (CCII) Tarnoff and instruct her to issue a true copy of Appeal No. K.V.S.P.-0-10-2369 stamped with red ink: stating treat as original pursuant to (CDCR) policy or procedure and returned to me to allow me to appeal to Director's Third Level."[46] What is not clear from the papers and documents Glass submitted in opposition to the motion is just when did Glass

---

[44] Exhibit 3 (Docket 39, pp. 15-17) is a Staff Memo related to the internal processing of CDCR Form 22. Exhibit 7 (Docket 39, pp. 24–27) is a CDCR 602 citizens complaint against several correctional officers that was rejected for failure to separate the issues. It does not appear that Glass took any further action with respect to that matter. Exhibit 9 (Docket 39, pp. 30–32), the Declaration of Eddie Howard, relates solely to a separate disciplinary action, RVR No. FBAS-10-10-022. Exhibit 10 (Docket 39, pp. 33–34) a March 15, 2011, CDCR 22 addressed to Health Care Appeals Coordinator J. Todd inquiring about both KVSP-0-10-02369 and an unrelated health care appeal. In the response Glass was informed that Todd didn't know anything about KVSP-0-10-02369.

[45] Docket 42, p.3.

[46] Plaintiff's Request for Judicial Notice, Exhibit 5 (Docket 39, p. 21).

receive a *copy* of the Second Level Response to Appeal KVSP-0-10-02369. It appears to the Court from the opposition that Glass is in some way contending he was entitled to receive the original, not a copy. Therefore, Glass argues that he was not required to exhaust his administrative remedies by seeking review at the Director's Level. The Court disagrees.

The issue before the Court is whether or not Glass took reasonable and appropriate steps to exhaust his administrative remedies, but was precluded from exhausting his remedies, not through his own fault but by the mistake of the prison authorities in processing his appeal.[47] In ruling on the pending motion the Court assumes that Glass did not receive the *original* of the January 20, 2011, second-level response in KVSP-0-10-02369 as required by the regulations.[48] The Court also holds that because the delivery of internal mail is controlled by prison authorities, the effect of the failure to deliver the original second-level response is borne by the Defendants. As noted above, it is unclear *when* Glass actually received a *copy* that the record before the Court clearly shows Glass received at some point. The record clearly establishes that Glass was informed of the procedure to follow in order to obtain a copy and that he did, in fact, a some point receive a copy. The record further shows that Glass deliberately pursued a course of action that was futile—instead of requesting review at the third level using a copy, Glass sought a copy that clearly delineated on its face that it was a substitute for the original. Inferentially, when he did not receive the requested

---

[47] *See Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (Warden's mistake).

[48] *See* Cal. Code Reg. § 3084.7(h). The Court agrees with Defendants that the conclusory allegation that his appeal was intentionally lost or destroyed is unsupported by his own admission, i.e., the documents Glass himself has filed with the Court.

certified copy, Glass did not further pursue his appeal. The question before the Court is: does that excuse Glass from seeking review at the third level?

As the Ninth Circuit has clearly indicated to excuse compliance, a prisoner must show "that administrative procedures were unavailable, that prison officials obstructed his attempt to exhaust or that he was prevented from exhausting because procedures for processing grievances weren't followed."[49] Glass does not dispute that California has administrative procedures available for prisoner grievances. The facts presented do not fall neatly within either one of the other two: obstruction or failure to follow procedures. While the loss of the original second level decision is attributable to prison officials, nothing in the facts presented to the Court even remotely establishes that this "obstructed" Glass's attempts to exhaust his administrative remedies. On the other hand, the failure to return the original constituted at least a technical violation of the procedures for processing grievances. The critical question is whether this prevented Glass from exhausting his administrative remedy. The Court holds that it did not.

Once Glass received the copy of the second level decision he could have filed his appeal to the third level. At that point, the Secretary, or designee, could have taken one of two actions: (1) rejected the appeal on procedural grounds, either as untimely or because Glass did not submit the *original*; or (2) have determined the appeal on the merits. Glass, by his own actions precluded either action by the Secretary. While seeking further review at the third level may not have afforded Glass the relief he sought, that does not equate to making third

---

[49] *Nunez*, 591 F.3d at 1224 (quoting *Ngo v. Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008)).

level review futile. Thus, Glass did not properly exhaust his administrative remedies and the complaint must be dismissed.

## IV. ORDER

Plaintiff's Request for Judicial Notice in Support of His Opposition and Cross Motion for Summary Judgment at **Docket 39** is hereby **GRANTED**.

Defendants' Motion for Summary Judgment at **Docket 25** is hereby **GRANTED.**

Plaintiff's Cross-Motion for Summary Judgment at **Docket 36** is hereby **DENIED**.

The Complaint on file herein is hereby **DISMISSED** without prejudice for failure to exhaust administrative remedies.

The Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED** this 12th day of April, 2016.

S/ RALPH R. BEISTLINE  
UNITED STATES DISTRICT JUDGE