UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GLASS,<br><br>        Plaintiff,<br><br>vs.<br><br>A. GREGORY, *et al.*,<br><br>        Defendants. | Case No. 1:14-cv-01703-RRB<br><br>**ORDER DENYING MOTION<br>FOR NEW TRIAL** |

**I.    PENDING MOTIONS**

At **Docket 52** Plaintiff Donald Glass filed a motion to vacate the judgment granting summary judgment in favor of Defendants A. Gregory and S. Duran. Defendants have opposed the motion,[1] and Plaintiff has filed a supplemental declaration[2] and a reply.[3] At **Docket 56** Plaintiff has moved for an extension of time to file his Reply to Defendants' Opposition. The Court having determined that oral argument would not materially assist the Court in resolving the issue presented, the matters are submitted for decision on the moving and opposing papers without oral argument.[4]

---

    [1]  Docket 53.

    [2]  Docket 54.

    [3]  Docket 55.

    [4]  LR 230(l).

## II.     APPLICABLE RULE/STANDARD OF REVIEW

Rule 59 provides two separate types of relief: (1) for a new trial, where there has been a trial either by jury or bench without a jury; or (2) to alter or amend a judgment, which applies to any final judgment, whether or not entered as a result of a trial, *e.g.*, a final judgment entered after a motion to dismiss under Rule 12(b) or grant of summary judgment under Rule 56.[5]  A motion for a new trial or to alter/amend a judgment must be brought within 28 days of entry of the judgment.[6]  A motion to reconsider is treated as a motion under Rule 59(e) if it is filed within 28 days after entry of judgment, otherwise it is treated as a motion brought under Rule 60(b).[7] Judgment was entered on April 12, 2016. Plaintiff's motion is dated May 7, 2016.  Applying the "mail-box rule," Plaintiff's motion was brought within 28 days and is governed by Rule 59.

In general, a new trial may be granted where an error occurs at trial that, if not corrected, will result in a miscarriage of justice: (1) the verdict is contrary to the clear weight of the evidence;[8] (2) verdict based upon false or perjurious evidence;[9] (3) misconduct by

---

[5]  Fed. R. Civ. P. 59.

[6]  Fed. R. Civ. P. 59(b), (e).

[7]  *American Ironworks & Erectors, Inc. v. North Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).

[8]  *Graves v. City of Coeur d'Alene*, 339 F.3d 828, 839 n. 14 (9th Cir. 2003);

[9]  *Ace v. Aetna Life Ins. Co.*, 139 F.3d 1241, 1248 (9th Cir. 1998)

a party that permeates the proceeding sufficiently to provide conviction that jury was influenced by passion or prejudice;[10] or (4) a prejudicial error in instructing the jury.[11]

Court may grant relief under Rule 59(e) under limited circumstances: (1) an intervening change of controlling authority; (2) new evidence has surfaced; or (3) the previous disposition was clearly erroneous and, if uncorrected, would work a manifest injustice.[12]

To justify an amendment to a judgment based upon newly discovered evidence, the movant must show that the evidence was discovered after the judgment, that the evidence could not be discovered earlier through due diligence, and that the newly discovered evidence is of such a magnitude that had the court known of it earlier, the outcome would likely have been different.[13]

## III. DISCUSSION

Glass predicates his motion on seven points: (1) mistake; (2) error of fact or law; (3) discovery misconduct by Defendants; (4) denial of a continuance under Rule 56(d) was an abuse of discretion; (5) a material issue of fact exists as to when Glass received the file on his administrative appeal; (6) erroneously granted summary judgment while discovery

---

[10] *Kehr v. Smith Barney*, 736 F.2d 1283, 1286 (9th Cir. 1984)

[11] *White v. Ford Motor Co.*, 312 F.3d 998, 1012 (9th Cir. 2002).

[12] *See Circuit City Stores v. Mantor*, 417 F.3d 1060, 1064 (9th Cir. 2005); *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999); *see generally* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 2810.1 (2d ed.).

[13] *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003).

was still pending; and (7) alternatively, that the Court grant him a 30-day extension to obtain his legal materials that were confiscated on April 15, 2016.

The Court entered judgment in favor of Defendants on the basis that Glass had not properly exhausted his administrative remedies. The Court has carefully reviewed the moving and opposing papers and agrees with Defendants that Glass has not met the standards for granting Glass a new trial. Glass does nothing more than rehash arguments the Court has already rejected.

In particular, Glass has not provided any evidence as to the date he received the second level's denial of his inmate appeal in KVSP-0-10-02369 or why, after he received it, he did not appeal to the third level. *Because these facts were peculiarly within Glass's knowledge*, no amount of discovery from the Defendants would have revealed either fact. Nor, because the information in his files was available to him at the time he opposed Defendants' summary judgment motion, would granting him an extension of time within which to reply to Defendants' opposition to the motion before the Court assist Glass. If Glass received the second level rejection *after* he filed this action and then exhausted his administrative remedies, because dismissal of this case is without prejudice,[14] he may still be entitled to relief by filing a new action.

With respect to the alleged error of law, it is the province of the Court to determine what is law. The scope and applicability of the PLRA is a matter of law, the effect of which on the undisputed facts before the court is decided by the court. Contrary to the argument

---

[14] *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (2003) (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.3d 365, 368 & n.3 (9th Cir. 1988) (*per curiam*)).

presented by Glass the Court *did* consider the CDCR Forms 22s regarding the lost appeal in KVSP-0-10-02369. Moreover, in rendering its decision the Court assumed that the original grievance was lost.

The issue before the Court is whether or not Glass took reasonable and appropriate steps to exhaust his administrative remedies, but was precluded from exhausting his remedies, not through his own fault but by the mistake of the prison authorities in processing his appeal. In ruling on the pending motion the Court assumes that Glass did not receive the *original* of the January 20, 2011, second-level response in KVSP-0-10-02369 as required by the regulations. The Court also holds that because the delivery of internal mail is controlled by prison authorities, the effect of the failure to deliver the original second-level response is borne by the Defendants. As noted above, it is unclear *when* Glass actually received a *copy* that the record before the Court clearly shows Glass received at some point. The record clearly establishes that Glass was informed of the procedure to follow in order to obtain a copy and that he did, in fact, a some point receive a copy. The record further shows that Glass deliberately pursued a course of action that was futile—instead of requesting review at the third level using a copy, Glass sought a copy that clearly delineated on its face that it was a substitute for the original. Inferentially, when he did not receive the requested certified copy, Glass did not further pursue his appeal. The question before the Court is: does that excuse Glass from seeking review at the third level?

As the Ninth Circuit has clearly indicated to excuse compliance, a prisoner must show "that administrative procedures were unavailable, that prison officials obstructed his attempt to exhaust or that he was prevented from exhausting because procedures for processing grievances weren't followed." Glass does not dispute that California has administrative procedures available for prisoner grievances. The facts presented do not fall neatly within either one of the other two: obstruction or failure to follow procedures. While the loss of the original second level decision is attributable to prison officials, nothing in the facts presented to the Court even remotely establishes that this "obstructed" Glass's attempts to exhaust his administrative remedies. On the other hand, the failure to return the original constituted at least a technical violation of the procedures for processing grievances. The critical question is whether this prevented Glass from exhausting his administrative remedy. The Court holds that it did not.

Once Glass received the copy of the second level decision he could have filed his appeal to the third level. At that point, the Secretary, or designee, could have taken one of two actions: (1) rejected the appeal on procedural grounds, either as untimely or because Glass did not submit the

*original*; or (2) have determined the appeal on the merits. Glass, by his own actions precluded either action by the Secretary. While seeking further review at the third level may not have afforded Glass the relief he sought, that does not equate to making third level review futile. Thus, Glass did not properly exhaust his administrative remedies and the complaint must be dismissed.[15]

The motion for reconsideration does not point out any intervening controlling authority or present any fact that the Court overlooked; nor, if uncorrected, was the Court's disposition so clearly erroneous that, if uncorrected, it would work a manifest injustice.

## IV. ORDER

Therefore, based upon the foregoing—

Plaintiff's Nunc Pro Tunc Request for an Extension of Time to Serve and File a Reply to Defendants' Opposition to Plaintiff's Rule 60(b)(1), (3), (6) Motion Reconsideration and to Correct the Record at **Docket 56** is **GRANTED**.

Plaintiff's Motion and Motion for Reconsideration to Vacate the Judgment Granting Defendants' Summary Judgment at **Docket 52** is **DENIED.**

**IT IS SO ORDERED** this 8th day of July, 2016.

S/ RALPH R. BEISTLINE<br>UNITED STATES DISTRICT JUDGE

---

[15] Docket 49, pp. 10–12 (emphasis in the original) (footnotes omitted).